## John Techen v. John Hoffmeyer.

1. **Final Order**—*What is Not.*—An order of the court denying a motion to amend the return of the original summons, and for an alias summons to issue forthwith, is not a final or appealable order.

**Appeal from an Order** of the Superior Court of Cook County, denying a motion to amend the summons, etc.; the Hon. Jonas Hutchinson, Judge, presiding. Heard in this court at the October term, 1897. Dismissed. Opinion filed July 16, 1898.

Francis T. Murphy, attorney for appellant.

S. P. Douthart, attorney for appellee.

Mr. Justice Horton delivered the opinion of the court.

There is no final or appealable order in this case. The only errors assigned are:

" 1. The court erred in setting aside and vacating the order of August 6, 1896, granting an alias summons.

" 2. The court erred in refusing to grant plaintiff's motion to amend the original writ of summons and for an alias summons."

These refer to the last order entered in the court below. It is not contended that this is a final order. The only argument of counsel for appellant is that it would be a hardship upon appellant if this appeal be not sustained.

Upon the trial it developed that there were two men, father and son, whose names were the same except the middle initial, and that summons was served upon the wrong man. Thereupon, and on motion of appellant, a juror was withdrawn and the cause continued. Afterward appellant, in writing, moved the court to amend the return on the original summons, and that an alias summons issue forthwith. July 6th, and of the July term, 1896, this motion was argued, and the court announced orally that said motion was denied. No order was entered of record in pursuance of said oral opinion. August 6, 1896, during

the summer vacation, appellant, by his attorney, appeared before another judge of the Superior Court and obtained an order that an alias summons issue. No notice of this motion to either appellee or his attorney appears in the record. Attorney for appellee may therefore be justified in stating, as he does in his brief, that such order was obtained without any such notice. Afterward the judge who had given said verbal opinion in said cause set aside said order of August 6, 1896, and quashed said alias summons, but granted to appellant leave to renew said motion, and said motion was so renewed. Afterward, by order entered March 6, 1897, said motion so renewed was denied. It is from this last order that this appeal is prosecuted.

From this recitation it will be seen that there is no appealable order in the case. The case is pending in the Superior Court now as fully for all purposes as it ever was.

The appeal from the Superior Court is dismissed.